**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

RICKEY TYRONE GIDDENS,      :
                            :
     Plaintiff,             :
                            :
v.                        :          Case No. 7:19-CV-141 (LAG)
                            :
HUGH LAWSON, *et al.*,       :
                            :
     Defendants.         :
                            :

## ORDER

Before the Court is Plaintiff Rickey Giddens' Motion to Reconsider (Doc. 7). Therein, Plaintiff requests that the Court reconsider its previous Order (Doc. 5) dismissing his Complaint, or in the alternative, alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated below, the Motion is **DENIED.**

The Federal Rules of Civil Procedure do not mention motions for reconsideration. Rule 59(e), however, provides that a party may file a "motion to alter or amend a judgment." "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact," or an intervening change in the law. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *U.S. v. Amtreco, Inc.*, 858 F. Supp. 1189, 1190 (M.D. Ga. 1994). A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). "[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through—rightly or wrongly." *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015).

In support of his Motion, Plaintiff points to two supposed errors of law or fact in the Court's Order: (1) the Court's conclusion that Plaintiff's claims against seventeen Defendants whom he previously sued were precluded by *res judicata*; and (2) the Court's finding that

Plaintiff's remaining claims were barred by the statute of limitations. (Doc. 7 at 3–15.) The supposed errors identified by Plaintiff must be more than "arguable" misinterpretations of the law to qualify as "the sort of clear and obvious error which the interests of justice demand that [the Court] correct." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Here, the Court's order was not contrary to law, and was, at least, arguably correct. Accordingly, Plaintiff's arguments fall short of the high bar necessary for the Court to amend or alter its judgment based on clear error.

Plaintiff also argues that intervening controlling law supports his Motion, namely *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). (Doc. 7 at 13–16.) In addition to not being "intervening"—it came down more than two years before the Court's Order—*Manuel* is distinguishable from Plaintiff's case. *Manuel* held that the commencement of legal process does not extinguish a detainee's Fourth Amendment challenge to his continued *pretrial* detention. *Manuel*, 137 S. Ct. at 918–19. Here, Plaintiff is challenging his 2009 search, 2011 prosecution, and 2011 sentencing, and seeks to use his *post-trial* detention to bring his claim within the statute of limitations. *Manuel* does not support that argument.

As Plaintiff has not established that there was an intervening change in the law, has not presented new evidence, and has not established that the Court's Order contained a clear error of law or will cause manifest injustice, Plaintiff's Motion to Reconsider (Doc. 7) is **DENIED**.

**SO ORDERED**, this 23rd day of October, 2019.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**